```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                HOT SPRINGS DIVISION
```

PHIL BAILEY TOWING AND
RECOVERY, INC. and BEASON
SERVICES, INC. d/b/a BEASON
TIRE AND WRECKER SERVICES                         PLAINTIFFS

              v.         Civil No. 10-6005

CITY OF ROCKPORT                                  DEFENDANT

## MEMORANDUM OPINION

This case is before the Court for consideration of the Defendant's Motion for Summary Judgment and supporting documents (docs. 9-11), Plaintiffs' Response and supporting documents (docs. 14-16) and Defendant's Reply (doc. 17). Plaintiffs bring this action alleging Defendant created an illegal monopoly in connection with towing services within the Rockport city limits in violation of the First and Fourteenth Amendments to the United States Constitution and also the Arkansas Constitution. For the reasons stated herein, Defendant's Motion (doc. 9) is GRANTED, and Plaintiffs' Complaint (doc. 2) is DISMISSED. Specifically, Plaintiffs' claims for illegal monopoly in violation of the United States and Arkansas constitutions are DISMISSED WITH PREJUDICE. Plaintiffs' political patronage claim pursuant to the First and Fourteenth Amendments are DISMISSED WITH PREJUDICE. Plaintiffs' claim for Tortious Interference with Economic Relations is DISMISSED WITHOUT PREJUDICE.

**Background**

The relevant facts are undisputed. Rockport is a municipal corporation located in Hot Spring County, Arkansas. Rockport is neighbored by the City of Malvern. There is only one towing service in Rockport, namely, Tanner's Towing and Recovery, Inc. (Tanner's). Plaintiffs are both towing services located in Malvern.

By written directive from the Rockport Police Chief, Brandon Thomason, all Rockport police officers are required to first request Tanner's when a towing service is needed within the Rockport city limits. If Tanner's is unable to respond, then the officers are directed to contact the Hot Spring County dispatch who selects the next towing service on the rotation list utilized by the Hot Spring County Sheriff's Department. At all times, the owner/driver of the vehicle requiring a towing service is free to contact a service of his/her choice.

Plaintiffs are not located within the Rockport city limits, however, they are on the rotation list and do perform towing services in Rockport at times.

**Summary Judgment Standard**

The Court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). In

-2-

reviewing a summary judgment motion, the court must view the facts and inferences from the facts in the light most favorable to the non-moving party, and the burden is placed on the moving party, to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* FED.R.CIV.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986); *Nat'l. Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).  Once the moving party has met this burden, the non-moving party may no longer rest on the allegations in its pleadings, but must set forth specific facts by affidavit and other evidence, showing that a genuine issue of material fact exists. *See* FED.R.CIV.P. 56(e).  In order to withstand Defendant's motion for summary judgment, Plaintiffs must substantiate their allegations with "sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992).

**Discussion**

**Illegal Monopoly**

Defendant moves the Court to dismiss Plaintiffs' claims of an illegal monopoly as no monopoly exists because Rockport has not granted Tanner's exclusive rights to operate a towing service within the city limits.

Defendant contends the Rockport Police first attempt to use a towing service within the Rockport city limits because it could arrive quicker than one outside the city limits. (Doc. 9-2, ¶5). While this may be disingenuous as the towing services in Malvern are just outside the city limits of Rockport, it is not relevant, as no illegal monopoly exists. The driver/owner of the vehicle is able to choose to utilize any towing service he/she wishes. (Doc. 9-1, ¶6). Further, if Tanner's is unable to respond, then the request is sent to the Hot Spring County dispatch to choose the next company in the rotation list utilized by the Hot Spring County Sheriff's Department. Finally, it is undisputed that while Plaintiffs do not receive the number of calls that they would like in Rockport, they have and continue to do business within the city limits. Accordingly, Plaintiffs' claims that Defendant created an illegal monopoly in violation of the United States and Arkansas constitutions is DISMISSED WITH PREJUDICE.

**Political Patronage**

Plaintiffs contend that Defendant's actions are somehow akin to a patronage dismissal in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiffs intimate, but provide no proof, that the City of Rockport is attempting to keep business from them due to animosity surrounding the annexation of land by the City of Malvern formerly within the Rockport city limits. Furthermore, it is undisputed that Plaintiffs continue to

provide some towing services within the Rockport city limits. Accordingly, Plaintiffs' claim is DISMISSED WITH PREJUDICE.

**Tortious Interference with Economic Relations**

The Court declines to retain jurisdiction over this state law claim, therefore, it is DISMISSED WITHOUT PREJUDICE.

**Conclusion**

For the reasons stated, Defendant's motion for summary judgment should be and hereby is GRANTED, and Plaintiffs' Complaint is DISMISSED. Specifically, Plaintiffs' claims for illegal monopoly in violation of the United States and Arkansas constitutions are DISMISSED WITH PREJUDICE. Plaintiffs' political patronage claim pursuant to the First and Fourteenth Amendments are DISMISSED WITH PREJUDICE. Plaintiffs' claim for Tortious Interference with Economic Relations is DISMISSED WITHOUT PREJUDICE. The parties are to bear their own fees and costs.

IT IS SO ORDERED THIS 16th DAY OF November 2010.

/s Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge